J-S19034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD D. WILSON | : | |
| | : | |
| Appellant | : | No. 1635 WDA 2025 |

Appeal from the PCRA Order Entered April 1, 2025
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000647-2018

BEFORE:  SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: JULY 8, 2026**

Appellant, Edward D. Wilson, appeals *pro se* from the April 1, 2025,

order entered in the Court of Common Pleas of Armstrong County dismissing

his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42

Pa.C.S.A. §§ 9541-9545, without an evidentiary hearing.  After our careful

review, we affirm.

The relevant facts and procedural history have been set forth previously,

in part, by this Court as follows:

On the evening of July 8, 2018, Chad Bennett ("Bennett"),
his ex-girlfriend, Crystal Johns ("Johns"), and his friend, Justin
Batten ("Batten"), were drinking at the Hot Spot bar in Kittanning,
Pennsylvania.  At approximately 1:30 a.m. on July 9, 2018,
Bennett, Batten, and Johns left the Hot Spot and drove to the

_____

[*] Former Justice specially assigned to the Superior Court.

house of Johns's aunt. When they arrived at the house, Johns went inside while Bennett and Batten waited for her to return.

At some point, Johns exited the house and began looking for something in her car. While Bennett and Batten were waiting, [Appellant] arrived at the house on a tractor. [Appellant] got off the tractor, ran towards Johns, and struck Johns in the face several times. Bennett saw [Appellant] strike Johns, shouted at [Appellant], and walked towards him. [Appellant] and Bennett approached each other and began fighting. Sometime thereafter, Batten broke up the fight. Batten and Bennett discovered that Bennett had suffered a large gash wound from his sternum to his stomach, and Bennett's intestines were visible. No one saw any weapons or sharp objects, and none were recovered. Bennett was transported to the hospital[, where medical personnel removed several feet of his intestines due to] his injuries.

A jury subsequently convicted [Appellant] of [one count each of aggravated assault and simple assault]. The trial court deferred sentencing [to allow preparation of] a pre-sentence investigation report. On April 12, 2018, prior to sentencing, [Appellant] filed a [post-trial motion] alleging that the Commonwealth committed a **Brady**[1] violation and requesting a new trial. Specifically, [Appellant] argued that the Commonwealth [] failed to disclose the "Agreement to Classify Case as Inactive" ("Inactive Agreement"),[2] which the

_____

[1] **See Brady v. Maryland**, 373 U.S. 83, 87 (1963) (holding that the prosecution must disclose evidence favorable to the accused that is material either to guilt or punishment.

[2] In its memorandum and order, the trial court explained the practice of inactive status and inactive agreements in Armstrong County. "In Armstrong County, inactive status operates as a general continuance of a case, pending some action that causes the case to be placed back on active status." **See** Post-Sentence Motion Memorandum and Order, 9/20/19, at 3. Further, "[i]nactive agreements are not a matter of public record." **Id.** The original copy of the agreement is retained by the Court Administrator until active status is resumed, at which point the Court Administrator discards the original agreement. **Id.** Additionally, the Commonwealth keeps a physical copy of any inactive agreements.

On July 21, 2017, prior to the filing of charges against [Appellant] in the instant case, Bennett was charged in a separate case with drug-related

*(Footnote Continued Next Page)*

Commonwealth used to secure Bennett's testimony against [Appellant]. The trial court considered the [m]otion to be a premature post-sentence motion and deferred ruling until after [Appellant's] sentencing.

On July 18, 2019, the trial court sentenced [Appellant] to a term of 10 to 20 years in prison for the aggravated assault conviction, with credit for time served, plus fines and costs. The trial court imposed no further penalty for [Appellant's] conviction of simple assault.

On July 24, 2019, [Appellant] filed a supplemental post-sentence motion, in which he incorporated the **Brady** claim and included a list of witnesses to testify about the Inactive Agreement. The trial court conducted a post-sentence motion hearing on September 6, 2019. On September 20, 2019, the trial court issued a memorandum and order denying [Appellant's] motion for failure to establish the prejudice requirement of **Brady**. Thereafter, [Appellant timely appealed].

On July 29, 2020, this Court affirmed Appellant's judgment of sentence. Specifically, we agreed with the trial court that, although the Inactive Agreement constituted an undisclosed benefit conferred on Bennett, Appellant failed to establish that he was prejudiced by nondisclosure in view of the overwhelming and highly corroborated quantum of evidence that established his guilt. [Appellant withdrew on appeal his challenge to the legality

---

offenses. The Commonwealth and Bennett subsequently entered into the Inactive Agreement. As a result, Bennett's case was placed on inactive status pending the outcome of [Appellant's] trial. The trial court found that, pursuant to the Inactive Agreement, Bennett waived his Pa.R.Crim.P. 600 speedy trial rights and his right to assert the applicable statute of limitations "as consideration for being placed on [i]nactive [s]tatus." **Id.** at 3. The Inactive Agreement further specified that Bennett's case would remain inactive "until [Appellant's] matter is finalized." **Id.** At some point, the Commonwealth provided discovery materials to [Appellant], but did not include a copy of, or otherwise mention, the Inactive Agreement. **Id.** at 3-5. Ultimately, [Appellant] was not made aware of the Inactive Agreement until post-sentence proceedings. **Id.**

of his sentence.]   Appellant did not petition for review by our Supreme Court.[3]

On September 14, 2020, Appellant filed a timely *pro se* PCRA petition, his first.  The court appointed PCRA counsel, who filed an amended petition on December 11, 2020.  The amended petition alleged that trial counsel was ineffective in failing to have meaningful conversations with Appellant, in failing to raise an alternative theory of defense, and in refusing to allow Appellant to testify at trial.  The amended petition did not allege that direct appeal counsel was ineffective in failing to petition for allowance of appeal to our Supreme Court on the strength of **Bagnall**.

The PCRA court convened a hearing on January 21, 2021, at which Appellant and trial counsel testified.  On February 4, 2021, the PCRA court dismissed Appellant's petition.  We affirmed the dismissal of Appellant's petition on November 16, 2021, and the Supreme Court denied further review on May 3, 2022.  **See Commonwealth v. Wilson**, 268 A.3d 427 (Pa.Super. 2021) (unpublished memorandum), *appeal denied*, 277 A.3d 1108 (Pa. 2022).

Appellant filed a second petition, through counsel, on June 23, 2022.[4]  This petition alleged that direct appeal counsel was

---

[3] Appellant needed to file his petition for allowance of appeal to the Supreme Court no later than August 28, 2020.  **See** Pa.R.A.P. 1113(a) (petition for allowance of appeal to Supreme Court shall be filed within 30 days of entry of Superior Court order). After this Court affirmed Appellant's judgment of sentence on July 29, 2020, but 10 days before Appellant's petition for allowance of appeal became due, our Supreme Court filed its decision in **Commonwealth v. Bagnall**, 235 A.3d 1075 (Pa. 2020).  In its August 18, 2020, opinion, the **Bagnall** Court held, *inter alia*, that a homicide defendant was entitled to a new trial due to the prosecution's **Brady** violation where an undisclosed cooperation agreement between the Commonwealth and a witness constituted impeachment evidence that was material to the defendant's case since the defendant established a reasonable probability of a different trial outcome in the agreement had been disclosed.  **See Bagnall**, *supra*.

[4] Appellant's June 2022 petition was preceded by two *pro se* filings submitted on February 24, 2022, and March 29, 2022.  Litigation of Appellant's *pro se* submissions could not proceed given the pendency of appellate review on

*(Footnote Continued Next Page)*

> ineffective in failing to seek further review before the Supreme Court in August 2020 after the Court issued its decision in **Bagnall**. The petition also alleged that PCRA counsel, who filed an amended petition on December 11, 2020, was ineffective in failing to raise the ineffectiveness of direct appeal counsel. The PCRA court dismissed Appellant's petition on November 7, 2022, and [Appellant] appealed.

**Commonwealth v. Wilson**, No. 1364 WDA 2022, at *1-6 (Pa.Super. filed 9/12/23) (unpublished memorandum) (footnotes in original) (some footnotes omitted).

On appeal, this Court held the PCRA court properly dismissed Appellant's June 23, 2022, petition on the basis it was untimely filed and not subject to any of the statutory exceptions to the PCRA's jurisdictional time bar. **See id.** Consequently, we affirmed the PCRA court's November 7, 2022, order, which dismissed Appellant's second PCRA petition. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on March 5, 2024.

On March 28, 2024,[5] Appellant filed his third PCRA petition *pro se*. Therein, Appellant alleged trial counsel was ineffective in advising him to

---

Appellant's first PCRA filing. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("when an appellant's PCRA appeal is pending before a court a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review"), *reversed on other grounds*, **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020).

[5] Although Appellant's third PCRA petition was docketed on March 28, 2024, we shall deem the *pro se* petition to have been filed on March 25, 2024, when Appellant handed it to prison officials. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (holding that *pro se* prisoners' appeals deemed filed as of the date they deliver them to prison authorities for mailing).

waive his preliminary hearing; trial counsel was ineffective in failing to object to profanity used by the Commonwealth during opening statements; trial counsel was ineffective in failing to attack the credibility of Commonwealth witness Batten; trial counsel was ineffective in failing to challenge Pennsylvania's "Third Strike Law" during sentencing; direct appeal counsel was ineffective in failing to petition for allowance of appeal to our Supreme Court on the strength of ***Bagnall***; direct appeal counsel was ineffective in withdrawing Appellant's sentencing issue on direct appeal; and Appellant's first PCRA counsel was ineffective in filing a no-merit letter.  Moreover, Appellant claimed all prior counsel, including his counsel during the litigation of his second PCRA petition, were ineffective in failing to raise the aforementioned ineffectiveness claims.

On April 19, 2024, the Commonwealth filed an answer in opposition to Appellant's third PCRA petition.  On April 29, 2024, the PCRA court provided Appellant with notice of its intent to dismiss Appellant's third PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907 on the basis the petition was untimely filed with no applicable statutory exceptions.  On or about May 6, 2024, Appellant filed a response to the PCRA court's Rule 907 notice.  Therein, Appellant claimed that he was raising the ineffectiveness of his counsel, who litigated his second PCRA petition, at the first available opportunity.

Furthermore, on or about May 13, 2024, Appellant filed an amended PCRA petition wherein he again asserted that he was raising the ineffectiveness of second PCRA counsel at the first available opportunity. He also asserted that he first discovered the Commonwealth's use of profanity during opening argument when he received the trial transcripts on May 3, 2024. On November 4, 2024, the PCRA court directed the Commonwealth to file a response to the May 13, 2024, amended PCRA petition, and on November 15, 2024, the Commonwealth filed a response.[6]

On March 5, 2025, the PCRA court provided Appellant with notice of its intent to dismiss Appellant's third and amended PCRA petition on the basis the petition was untimely filed with no applicable statutory exceptions. On or about March 11, 2025, Appellant filed a *pro se* response indicating that he was raising claims of second PCRA counsel's ineffectiveness for the first time, and pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), he was

_____

[6] We note that, on or about May 21, 2024, Appellant filed a *pro se* intent to proceed *pro se* and request for the withdrawal of Michael Petro, Esquire. Therein, Appellant averred that Attorney Petro represented him on appeal from the denial of his second PCRA petition, and he recently learned Attorney Petro was still listed as his counsel of record. He requested that Attorney Petro formally seek to withdraw. Accordingly, on July 2, 2024, Attorney Petro filed a motion to withdraw, and the PCRA court granted the motion on that same date.

Furthermore, on or about January 22, 2025, Appellant filed a *pro se* request for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and following a hearing, the PCRA court filed an opinion indicating that Appellant knowingly, voluntarily, and intelligently chose to proceed *pro se*.

permitted to raise his layered claim of ineffectiveness in his third PCRA petition.

By order entered on April 1, 2025, the PCRA court dismissed Appellant's third PCRA petition, and on April 4, 2025, Appellant filed a timely *pro se* notice of appeal.[7]  The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and, consequently, Appellant did not file such a statement.  The PCRA court filed a Rule 1925(a) opinion.

On appeal, Appellant presents the following issues in his "Statement of the Questions Presented" (verbatim):

1) Was the appellant's 3rd PCRA [*sic*] timely filed as it was the first opportunity to raise prior counsel's ineffectiveness and newly discovered evidence of a hearing held August 29, 2022, without the appellant present in which it permitted PCRA counsel and Direct Appeal counsel to argue their own ineffectiveness?

2) Did the lower court err in permitting original PCRA counsel to file appellant's 2nd PCRA [*sic*] on June 23, 2022, after appellant filed ineffective assistance of counsel on the same issues against PCRA counsel in February and March of 2022 *pro se* filings?

3) Did the Commonwealth District Attorney violate Rule 564 and Due Process by making an agreement to waive in the Aggravated Assault-F2 (Deadly Weapon), Simple Assault, and Harassment after the agreement, with no hearing to amend, no notice or permission from any Honorable Court, and the District Attorney added a more serious charge of Aggravated Assault-F1 as Count 2 of the information?

_____

[7] We note that, on March 7, 2025, Joseph E. Hudak, Esquire, entered his appearance on behalf of Appellant; however, on April 4, 2025, Appellant requested that Attorney Esquire withdraw his appearance since he was previously granted permission by the PCRA court to proceed *pro se*. Accordingly, Attorney Hudak filed a motion to withdraw, which the PCRA court granted.

4) Was appellant's sentence illegal and excessive when the lower court, after a 4 to 8 year plea offer, sentenced appellant under 9714 (Three Strikes Law) using appellant's only prior felony conviction in the state of Ohio?

5) Should **Commonwealth v. Bagnall**, 235 A.3d 1075 (Pa. 2020) apply due to the ineffective assistance of counsel appellant received from PCRA counsel; being able to argue his own ineffectiveness in appellant's 2nd PCRA [*sic*] when **Bagnell** was decided while appellant's case was still under direct review and not yet final and the same **Brady** violation was preserved at all stages?

Appellant's Brief at 5.

Initially, we note:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

**Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

**Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

- 9 -

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[8] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Lastly, there is "no generalized equitable exception to the

---

[8] On October 24, 2018, the General Assembly amended Subsection 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. This amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. In any event, under application of either the one year or sixty-day initial threshold, Appellant is not entitled to relief for the reasons discussed *infra*.

jurisdictional one-year time bar pertaining to post-conviction petitions." **_Commonwealth v. Brown_**, 943 A.2d 264, 267 (Pa. 2008).

In the case *sub judice*, as this Court previously held in reviewing the dismissal of Appellant's second PCRA petition, "Appellant's judgment of sentence became final on August 28, 2020. Therefore, Appellant had until August 28, 2021, in which to file a timely PCRA petition." **_Wilson_**, 1364 WDA 2022, at *7 (citation omitted). Appellant's instant PCRA petition, filed on March 28, 2024, was clearly filed more than one year from when his judgment of sentence became final. Consequently, the instant petition is patently untimely. **_See Monaco_**, **_supra_**. As such, we cannot address the merits of Appellant's third PCRA petition unless he meets one of the timeliness exceptions set forth *supra*.

In the case *sub judice*, Appellant suggests that he is entitled to the newly discovered facts exception set forth in Subsection 9545(b)(1)(ii). Generally, to qualify for the newly discovered facts exception, petitioners must prove that the facts upon which their claim is based were unknown and could not have been discovered previously through the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii).

"Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party [ ] put forth reasonable effort to obtain the information upon which a claim is based." **_Commonwealth v. Cox_**, 146 A.3d 221, 230 (Pa. 2016) (quotation marks and quotation omitted). The petitioner

must offer "evidence that he exercised due diligence in obtaining facts upon which his claim was based." *Id.* at 227 (citation omitted). Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts. *Commonwealth v. Bennet*, 930 A.2d 1264, 1274 (Pa. 2007).

Here, in invoking Subsection 9545(b)(1)(ii), Appellant claims his newly discovered fact is attributed to the ineffective assistance of second PCRA counsel, as well as all prior counsel. Specifically, he claims all prior counsel were ineffective in failing to raise the issue of whether the Commonwealth violated Appellant's due process rights by adding aggravated assault as count 2 to the Information, failing to challenge the legality and excessiveness of his sentence, and failing to argue properly that he was entitled to relief pursuant to *Bagnall*, *supra*.

Our Supreme Court has held that "while layered claims of counsel's ineffectiveness may avoid the waiver restrictions in the PCRA, [the Court has] repeatedly held that claims of ineffective assistance of counsel do *not* automatically qualify pursuant to the exceptions to the one-year time limitation provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)." *Commonwealth v. Pursell*, 749 A.2d 911, 916 (Pa. 2000) (citations omitted) (italics in original). "[A]n untimely petition will not be addressed simply because it is couched in terms of ineffectiveness." *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). *See also Commonwealth v. Laird*, 331 A.3d 579, 594 (Pa. 2025)

(holding courts are without jurisdiction to reach the merits of an untimely PCRA petition even in cases alleging the petition's untimeliness is due to the ineffective assistance of counsel).[9]

Additionally, we note Appellant claims he is permitted to raise issues regarding the ineffective assistance of second PCRA counsel in his third PCRA petition because this is his first available opportunity to do so. In essence, Appellant avers that **Bradley**, **supra** provides an equitable exception to the PCRA's time bar. Appellant is mistaken.

In **Laird**, **supra**, our Supreme Court clarified that its holding in **Bradley**, that a defendant may, following denial of post-conviction relief, and after obtaining new counsel or acting *pro se*, raise rule-based claims of ineffective assistance of post-conviction counsel at the first opportunity to do so, including on appeal, did not create an equitable exception to the one-year limitations period governing PCRA petitions. Our Supreme Court specifically declined to adopt the proposal "that petitioners should be permitted to file a serial PCRA petition invoking the PCRA's 'new fact' exception to the one-year time-bar, [thus] construing PCRA counsel's ineffectiveness as a 'new fact' allowing for the filing of a new PCRA petition [outside the statutory, jurisdictional time constraints of the PCRA]." **Laird**, 331 A.3d at 597.

---

[9] Likewise, we note the PCRA's time-bar also applies to claims that the underlying sentence is illegal. **See Laird**, **supra**.

Finally, we note Appellant suggests that, when he recently reviewed all transcripts, he discovered a "new fact." Specifically, he avers that he discovered that, on August 29, 2022, while his second PCRA petition was pending, his prior attorneys, Samir G. Hadeed, Esquire, and Lisa C. Peluso, Esquire, appeared before the PCRA court on behalf of Appellant. Appellant claims he had no knowledge of this hearing until he reviewed the transcripts. To the extent the hearing and/or the existence of the transcript of the hearing is a "new fact," Appellant has failed to demonstrate that he could not have discovered the fact earlier through the exercise of due diligence. **See Cox**, **supra**. He has not explained why he could not have gained access earlier to the transcript or the docket entries revealing that a hearing was held on August 29, 2022, with the exercise of due diligence. **See id.**

For all of the foregoing reasons, we conclude Appellant's third PCRA petition is untimely, and he has not met any of the timeliness exceptions. Thus, we find the PCRA court properly dismissed Appellant's third PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/8/2026